UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOWERY BROS. INFINITI, INC. D/B/A
INFINITI OF SYRACUSE,

                              Plaintiff,

      v.                                              5:13-cv-1258

INFINITI DIVISION, NISSAN NORTH
AMERICA, INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Lower Brothers Infiniti, Inc. d/b/a/ Infiniti of Syracuse commenced the instant action against Defendant Infiniti Division of Nissan North America, Inc. asserting claims for breach of contract, violations of the New York Franchised Motor Vehicle Dealer Act, violation of the Automobile Dealer's Day in Court Act, and tortious interference with existing business relations. Presently before the Court is Plaintiff's motion, brought by Order to Show Cause, seeking: (1) a stay of the proceedings to terminate Plaintiff's dealership pending the resolution of this litigation; and (2) to have this matter sealed; and Defendant's motion for expedited discovery. Defendant does not oppose the stay of the termination proceedings, but does oppose the sealing of this matter. Defendant also moves for expedited discovery.

**Stay of Termination Proceedings**

Section 463(e)(1) of the New York Vehicle and Traffic Law provides for a stay of the proposed termination of a motor vehicle dealer's franchise provided that a lawsuit challenging the termination is filed within four months of the manufacturer's notice of termination. Here, Defendant concedes that the instant matter was commenced within the requisite time period and does not oppose a stay of termination. Accordingly, insofar as Plaintiff seeks a stay of termination, that relief is granted.

**Case Sealing**

Plaintiff seeks to have this matter sealed "to prevent the irreparable harm associated with public disclosure of this business dispute and information which may be filed in connection with this dispute." According to Plaintiff:

> disclosure of Infiniti's efforts to terminate the franchise agreement and close Infiniti of Syracuse will definitely cause unnecessary concern and uncertainty among the dealership's employees and would also unnecessarily cause the public to be reluctant to do business with Infiniti of Syracuse. Were that to occur, it would have an irreparable impact on the dealership, and would effectively render the injunction and the lawsuit meaningless.

Plaintiff also fears a spillover effect on a separate Chrysler-Jeep dealership, which is apparently owned and operated by the same individuals as the Plaintiff dealership. Additionally, Plaintiff points to "non-public information concerning [its] . . . substantial financial investment . . . and [the potential disclosure of] confidential aspects of the operation of Infiniti of Syracuse. . . [t]hat would create a competitive disadvantage with [its] competition." Lastly, Plaintiff fears that the absence of a sealing order would impact any possible future sale of its franchise rights to another dealer.

Defendant opposes the sealing of this matter arguing that it is contrary to the presumption of open access to court records, Plaintiffs documents and information are not

the type that typically warrant sealing, and sealing the entire case (rather than preserving the confidentiality of specified documents) is overbroad.

Cases recognize a common-law right of access to judicial records. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997); United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). "Before any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" Lugosch, 435 F.3d at 119. The mere fact that a document is filed with the court does not make it a judicial document subject to the right of public access. Id. Rather, the document must be relevant to the performance of the judicial function and useful in the judicial process. Id. Once documents are found to be judicial documents, the presumption of common law access attaches. The Court must then determine the weight of that presumption. The more a document directly affects the Court's adjudicative function, the greater the weight. Id. Lastly, the Court must then balance competing considerations against public access. Id. at 120.

There also exists a First Amendment right of access which may be overcome only by specific findings that closure is essential to preserve higher value. Id. Any restriction on the right of access must be narrowly tailored. Id. Under either rule, the burden of demonstrating that a case, or document, should be sealed is upon the party seeking such action, in this case Plaintiff. DiRussa, 121 F.3d at 826.

In light of these considerations, the Court finds that sealing of the entire case is overbroad and is not warranted based on the facts and circumstances of this case. This case does not involve the type of concerns that warrant sealing of the entire matter. Accordingly, the Clerk of the Court is directed to unseal this matter.

Turning to the specific filings in this case, the initial complaint certainly qualifies as a judicial document.  See Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., 863 F. Supp. 2d 122 (D. Mass. 2012); United Air Lines, Inc. v. Allen, 645 F. Supp. 2d 34, 36 (D. Mass. 2009); Ello v. Singh, 531 F. Supp.2d 552, 584 (S.D.N.Y. 2007).  Because the complaint sets the legal and factual parameters of the case, it is essential to the adjudicative process and, therefore, carries a strong presumption of public access.  The same reasoning applies to Plaintiff's papers in support of its motion for a preliminary injunction.  To the extent that there is confidential financial (or other) information annexed to the complaint or attached to Plaintiff's motion papers that could compromise Plaintiff's competitive edge over its competition or otherwise justify sealing, that may present different circumstances.  Plaintiff does not, however, specify what particular documents contain such information.  Accordingly, Plaintiff has not sustained its burden at this point in time and its motion is, therefore, DENIED without prejudice. Plaintiff may apply for appropriate relief to have particular documents sealed or, alternatively, the parties may work collaboratively with the Magistrate Judge to have an appropriate confidentiality order entered.

**Expedited Discovery**

Lastly, Defendant moves for expedited discovery.  This motion is not properly before the Court at this time.  Defendant may apply for such relief before the assigned Magistrate Judge, at which time the parties also can discuss a potential confidentiality order to protect any sensitive information.  Accordingly, Defendant's motion for expedited relief is denied without prejudice.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to stay the termination proceedings is GRANTED and its motion to seal this case is DENIED. The Clerk of the Court shall unseal this matter. Plaintiff may apply for appropriate relief concerning particular documents and/or seek an appropriate confidentiality order. Defendant's motion for expedited discovery is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 23, 2013

Thomas J. McAvoy
Senior, U.S. District Judge